NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Daniel NEIDL, <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECUTIY, <br><br> Defendant. | Civil No. 17-5373 (RBK) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Commissioner of Social Security's Motion to Dismiss. (ECF No. 5.) Because the Court finds that Plaintiff's complaint does not concern a final decision of the Commissioner under 42 U.S.C. § 405(g), the Court finds that it lacks jurisdiction and the Commissioner's motion is **GRANTED**.

I.  BACKGROUND

Plaintiff filed an application for supplemental security benefits on July 16, 2015, claiming total disability. This was denied on November 10, 2015. (*See* Decl. of Marie Cousins at ¶ 3.) The notice of denial incorrectly stated that Plaintiff's application was for disability insurance benefits. (*Id.*) Plaintiff received this notice and filed a request for reconsideration. (*Id.*) That request was then denied in a notice dated August 1, 2016. (*Id.*) Plaintiff then filed a request for a hearing before an Administrative Law Judge ("ALJ") on October 31, 2016. (*Id.*)

The ALJ dismissed Plaintiff's claim on December 27, 2016 because the request for a hearing was untimely filed. (*Id.*) The ALJ's order of dismissal noted that Plaintiff's claim was initially denied on November 10, 2015 and reconsidered on July 29, 2016, with a notice sent to

1

Plaintiff dated August 1, 2016. (Cousins Decl. at ¶ 3, Ex. 6.) Under 20 C.F.R. § 416.1433(b)(1), a request for hearing must be filed within 60 days after the date the claimant received notice of the previous determination, or within an extended period of time if one has been granted. Notice of the previous determination is presumed to have been received after the date on the notice unless the claimant can establish that he did not receive the notice within the 5-day period. 20 C.F.R. § 416.1401. A plaintiff may get an extension by showing good cause. *See* 20 C.F.R. § 416.1411.

Plaintiff's request for a hearing was due by September 27, 2016 but was not submitted until October 31, 2016. The ALJ found that this was untimely. As for Plaintiff's request for an extension for good cause, Plaintiff offered "I cannot work neither my attorney nor myself received a copy of the decision denial." (Cousins Decl. at ¶ 3, Ex. 6.) The ALJ found this did not establish good cause, as the record reflected that a notice on the reconsideration decision was sent to Plaintiff's address as well as his representative of record. (*Id.*)

Plaintiff filed a motion to vacate the notice of dismissal on December 30, 2016, which was then denied on January 18, 2017. (Cousins Decl. at ¶ 3, Ex. 8.) The ALJ noted that there was "no evidence to support the allegation that the [Social Security Administration] generates letters and does not send them." (*Id.*) Plaintiff subsequently sought review of the ALJ's dismissal order on January 23, 2017. (Cousins Decl. at ¶ 3.) In the request, Plaintiff requested copies of the claim file and requested more time to file additional arguments. (*Id.*) The Appeals Council granted the request, but no further arguments were received. (*Id.*)

The Appeals Council denied Plaintiff's request for review in a notice dated May 23, 2017. (Cousins Decl. at ¶ 3, Ex. 11.) The Council agreed with the ALJ that there was no evidence to support the argument that the Social Security Administration electronically generates letters but does not mail them. (*Id.*)

2

Plaintiff filed this suit on July 24, 2017, seeking review of a final determination of the Commissioner under 42 U.S.C. § 405(g). Plaintiff argues that the Commissioner abused her discretion by failing to fully consider the evidence supporting Plaintiff's claim of timely filing and that this deprives Plaintiff of property in the form of supplemental security income benefits. Plaintiff also seeks counsel fees pursuant to 28 U.S.C. § 2412.

## II. DISCUSSION

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). He argues that the Commissioner's decision to dismiss an untimely request for review is a final decision within the meaning of § 405(g). However, "an Appeals Council decision to dismiss an untimely request for review is not a final decision within the meaning of section 405(g) such that the district court would have jurisdiction to review that decision." *Bacon v. Sullivan*, 969 F.2d 1517, 1520 (3d Cir. 1992). This is a "jurisdictional issue," and as this is not a final determination, the Court lacks jurisdiction to hear Plaintiff's case. *See id.* at 1521-23.

Plaintiff also argues that the constitutional issues implicated by his claims are a separate basis for this Court's jurisdiction. However, Plaintiff's complaint is brought under 42 U.S.C. § 405(g) and only seeks review of a final determination of the Commissioner. The complaint does not plead an alternative basis for this Court's jurisdiction.

## III. CONCLUSION

The Court lacks jurisdiction to hear this case. The Commissioner's motion to dismiss is **GRANTED**. An order follows.


Dated:   June 4, 2018                                        /s Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge